1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    MICHAEL WHITE,                                    No. C 09-4009 WHA (PR)

11                    Petitioner,                       **ORDER DENYING PETITION FOR
                                                        WRIT OF HABEAS CORPUS;**
12    v.                                                **DENYING MOTION TO DISMISS
                                                        PETITION**
13    B. CURRY, Warden,

14                    Respondent.
                                              /         (Docket No. 7)
15

16                              **INTRODUCTION**

17          Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus

18    challenging the denial of parole pursuant to 28 U.S.C. 2254.  Respondent was ordered to show

19    cause why the writ should not be granted.  Respondent filed a motion to dismiss the petition as

20    untimely, petitioner filed and opposition, and respondent filed a reply.  Because the petition is

21    **DENIED** on its merits, for the reasons discussed below, respondent's motion to dismiss the

22    petition as untimely is **DENIED** as moot.

23                              **STATEMENT**

24          In 1994, a jury in Los Angeles County Superior Court convicted petitioner of second-

25    degree murder.  The trial court sentenced him to a term of 15 years to life in state prison.  In

26    2006, the California Board of Parole Hearings ("Board) found petitioner unsuitable for parole.

27    Petitioner challenged this decision in habeas petitions filed in all three levels of the California

28    courts.  After the state petitions were denied, petitioner filed the instant federal petition.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**ANALYSIS**

As grounds for federal habeas relief, petitioner claims that the Board violated his federal due process rights because there was not "some evidence" that he would be a present danger to society if released.

The United States Supreme Court has recently held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitles a California prisoner to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 862 (2011). Specifically, the Due Process Clause only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Ibid.* The parole hearing transcript makes it clear that petitioner received an opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Ibid.* The court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, petitioner's claim challenging the sufficiency of the evidence supporting the Board's decision is without merit.

**CONCLUSION**

The petition for a writ of habeas corpus is **DENIED**. Respondent's motion to dismiss (docket number 7) is **DENIED** as moot.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would

//

//

2

1  find this court's denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484

2  (2000).  Consequently, no certificate of appealability is warranted in this case.

3       The clerk shall enter judgment and close the file.

4       **IT IS SO ORDERED.**

5  Dated: March ___, 2011.

6                                          WILLIAM ALSUP
7                                          UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  G:\PRO-SE\WHA\HC.09\WHITE4009.RUL.wpd

26

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


MICHAEL WHITE,

          Plaintiff,

v.

BEN CURRY et al,

          Defendant.

Case Number: CV09-04009 WHA

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Amber Nicole Wipfler
Office of the Attorney General
Correctional Law Section
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Michael White
J-44404 / A2-205up
CSP Centinela
PO Box 901
Imperial, CA 92251-0901

Dated: March 14, 2011

Richard W. Wieking, Clerk

By: Brenda Tolbert, Deputy Clerk